UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LINDA MARTIN a/k/a LYNDA MARTIN,

       Plaintiff,

v.

.

       Defendants.

_____

**COMPLAINT**

Civ. No.: 1:21-cv-491

## JURY TRIAL DEMANDED

Plaintiff demands a jury to try all claims triable by a jury.

## PRELIMINARY INTRODUCTION

1. This is an action brought pursuant Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000 et seq., as amended, 42 U.S.C. § 1981, and the New York State Human Rights Law, Executive Law § 290 et seq.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 2000 (e), 29 U.S.C. § 1331, 42 U.S.C. § 1981. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to adjudicate Plaintiff's claims under state law.

3. Venue is proper pursuant to 28 U.S.C. §1391.

## ADMINISTRATIVE EXHAUSTION

4. Plaintiff LINDA MARTIN a/k/a LYNDA MARTIN ("Plaintiff Martin" or "Ms. Martin") filed charges of discrimination with the Equal Employment

1

Opportunity Commission ("EEOC") on January 13, 2021 and was issued a

Notice of Right to Sue on January 20, 2021.  She has timely exhausted all

of her claims of discrimination herein and has filed this Complaint with the

District Court for the Western District of New York within 90 days of receipt

of her Notice of Right to Sue.

## THE PARTIES

5.  Ms. Martin is an individual black female.

6.  Ms. Martin was employed by DEFENDANT DIOCESE OF BUFFALO
("Defendant Diocese") and/or DEFENDANT SS COLUMBA-BRIGID
CATHOLIC CHURCH ("Defendant SSCB") (collectively "Defendants") as a
Choir Director from 1990 until July 21, 2020 when she was wrongfully
terminated on the basis of her race.

1.  Defendant Diocese is a Roman Catholic diocese with headquarters at 795
Main Street, Buffalo, New York and works within eight (8) counties in
Western New York State with a Catholic population of nearly 700,000. It is
divided into more than 150 parishes, which also include churches, schools,
convents, seminaries, hospitals, and colleges.

2.  Defendant SSCB is one of the churches in the Catholic Diocese of Buffalo
located at 75 Hickory Street, Buffalo, New York.  Defendant SSCB is one of
the few with a predominantly large Black congregation.

3.  At all relevant times, Defendant Diocese and/or Defendant SSCB was an
"employer" of Plaintiff within the meaning of applicable federal statutes as
well as New York state law. In doing the acts herein alleged, Defendants'

2

employees, subcontractors, and agents acted within the course and scope of their employment and agency and engaged in the acts alleged herein and/or conducted, permitted, authorized, and/or ratified the conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents alleged herein.

4. Plaintiff was an "employee" within the meaning of applicable federal statutes as well as New York state law.

5. DEFENDANT WILLIAM J. JUD WEIKSNAR ("Defendant Weiksnar") is a Franciscan white male priest who at all relevant times held the role of Pastor for Defendants and supervised Ms. Martin upon his arrival to work for Defendants.

6. Defendants, Defendant Weiksnar and DOES 1 through 100, inclusive, are hereinafter referred to collectively as ("All Defendants") unless otherwise specifically identified.

## FACTUAL ALLEGATIONS

7. Ms. Martin was hired by Defendants in approximately 1990 to perform as Choir Director, tasked with arranging the musical playing of Gospel-style music that is often featured in Black Christian congregations.

8. The mission statement of Defendant SSCB is "(w)e the church of SSCB are a welcoming, inclusive, multicultural Catholic community inspired by the Holy Spirit to celebrate the risen Christ in how we worship, love our neighbors, and work for justice in our daily lives."

9. For almost thirty (30) years of her employment, Ms. Martin performed impeccably in her position, was comfortable in both her work environment and her job duties, advocating inclusivity to all members and was a beloved Choir Director.

10. A few years ago, she was assigned to be supervised by Defendant Weiksnar who had come to Defendant SSCB and immediately targeted her unfavorably as a black woman. After harassing and undermining her for an extended period of time, he terminated Ms. Martin with a pretextual reason of poor music but in fact replaced her with an unqualified white woman to push his agenda of a greater Caucasian membership.

11. During Ms. Martin's tenure, she never had any performance issues or criticism about her music choice for the choir as Choir Director.

12. Ms. Martin was never been given any unfavorable performance reviews, nor had any irreconcilable disagreements with any priest or choir members. In fact, under her leadership, the Gospel Choir has made countless contributions to SSCB and the community, which expanded over other religious denominations, cultures, and ethnicities.

13. Also, for the past twenty-nine (29) years, Ms. Martin co-hosted a traveling Harvest Fest Annual Concert to a packed audience *every year*.

14. Under the leadership of Defendant Weiksnar who joined 2018, within a short period of time, it was evident to Ms. Martin that he was not invested in the black community or her as a black Choir Director. He had an agenda to replace the black members with a white congregation. He was insensitive,

4

overbearing, manipulative and condescending towards black members and Ms. Martin.

15. Defendant Weiksnar pitted black parishioners against each other, causing dissension and confusion amongst members. His condescending attitude created conflict and unrest. He often made comments stating he went to law school and knew how to turn a situation for his favor.

16. Defendant Weiksnar refused resources to Ms. Martin to assist in youth programs that he required her to start and gave those resources to a white colleague to ensure her success and Ms. Martin's failure.  He manipulated and planned for a white woman to take over Mr. Martin's position.

17. But, Defendant Weiksnar could not deny Ms. Martin's unbelievable talent, even praising her musical selection in emails to her where he would also indicate that he deferred to her musical judgment as she had the best direction.

18. During a global pandemic, Ms. Martin continued providing excellent services.  She performed her music ministry duties with the services being recorded. Defendant Weiksnar noted several times how good the music was and provided ongoing compliments about the singing of the choir she directed.  Ms. Martin was also flexible to his requests and adjusted her musical programming accordingly.

19. Defendant Weiksnar abruptly terminated Ms. Martin over the phone on July 21, 2020 claiming that she "was terminated because the music at the Mass was not up to the standard required for the liturgy", clearly pretextual in

nature.

20. Defendants allowed Defendant Weiksnar to target Ms. Martin as a black female and replace her with a white female, Linda Appleby whose musical direction lacks the proper qualification and reception for the congregation. Notably, she sticks to more subdued music style of traditional Catholic churches attended by mostly white people.

21. When Defendant Weiksnar introduced the new white Choir Director, he insinuated to the congregation that Ms. Martin quit her position and decided never to come back.

22. After Ms. Martin's termination, vocal members of SS. Columbia Brigid Catholic Church protested the ouster of their beloved choir director by a racist new pastor but their concerns even though sent directly to Defendants were ignored.

23. In the wake of Ms. Martin's shocking termination., the SS Columba-Brigid Gospel Choir was so appalled they decided to unanimously step down minus two members.  The Choir then sent the letter certified mail on July 8, 2020 to Bishop Edward Scharfenberger, Apostolic Administrator for Defendants asking for an investigation into Defendant Weiksnar as well as the unjust termination of Ms. Martin. Despite confirmed receipts of their correspondence to both the Buffalo and Albany offices of Bishop Scharfenberger, there has been no response from Defendants.

24. Parishioners of Defendant SSCB continue to protest Ms. Martin's racist termination stating in written correspondence to Defendants that "(t)he

demons of racism, bigotry, egomaniac and prejudice are not supposed to be found in our church and defiantly not in our leadership".

**FIRST CAUSE OF ACTION:**

**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 AS AND AGAINST DEFENDANT DIOCESE OF BUFFALO AND DEFENDANT SS COLUMBA-BRIGID CATHOLIC CHURCH**

25. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs stated above and incorporates the same as though fully set forth herein.

26. In engaging in the conduct described above, Defendants deprived Plaintiff, a black female of her civil rights pursuant to 42 U.S.C. §1981, in particular, the racial discrimination, disparate treatment and wrongful termination suffered by Plaintiff violated the law.

27. The discrimination suffered by the Plaintiff on account of her race was egregious and shocking to the conscience. As a direct result, Plaintiff was caused to undergo the humiliation and indignities from the racially discrimination she suffered and was caused and will continue to undergo and endure severe mental anguish, humiliation, and economic hardship as a consequence thereof.

28. As a result of the Defendants' deprivations of Plaintiff's civil rights, Plaintiff has been damaged in an amount to be determined by a jury at the time of trial.

29. Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION:

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964 AS AND AGAINST DEFENDANT DIOCESE OF BUFFALO AND DEFENDANT SS COLUMBA-BRIGID CATHOLIC CHURCH

7.

8.  Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same as though fully set forth herein.

9. Defendants, through its agents, engaged in a continuing pattern of unremedied race discrimination by subjecting Plaintiff to disparate treatment and wrongfully terminating her on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, as amended.

10. As a result of Defendants' illegal actions, Plaintiff has suffered loss of past and future income in the form of salary and benefits, loss of career opportunity, injury to her health, emotional distress, mental anxiety, loss of enjoyment of life, damage to her reputation and humiliation.  Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of Defendants' discriminatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION:

### RACE DISCRIMINATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW EXECUTIVE LAW § 290, et seq. AS AND AGAINST DEFENDANT DIOCESE OF BUFFALO AND DEFENDANT SS COLUMBA-BRIGID CATHOLIC CHURCH

30. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs and incorporates the same as

though fully set forth herein.

31. Defendants, through its agents, engaged in a continuing pattern of unremedied race discrimination by subjecting Plaintiff to disparate treatment and wrongful termination based on race in violation of New York State Human Rights Law, ("NYSHRL") Executive § 290, et seq.

32. Defendants, at all times relevant herein had actual and constructive knowledge of the conduct described herein.

33. As a result of this discrimination, Plaintiff suffered and continued to suffer from severe emotional distress.

34. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendants described above was done with a conscious disregard for her rights, and with the intent, design, and purpose of injuring her.

35. Plaintiff is further informed and believes that Defendants authorized, condoned and/or ratified the unlawful conduct alleged herein, specifically.

36. Defendants failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

37. As a direct and proximate result of the Defendants' willful, knowing, and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional anguish and emotional distress; and for other incidental expenses, and she has suffered and will continue to suffer a loss of earnings

and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION:

### RACE DISCRIMINATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW AS AND AGAINST DEFENDANT WILLIAM J. JUD WEIKSNAR, INDIVIDUALLY

38. Plaintiff repeats and re-alleges every allegation contained in the preceding paragraphs with the same force and effect as though fully set forth herein.

39. Defendant aided and abetted Defendants in discrimination on the basis of both her race by allowing her mistreatment and termination.

40. As a result of Defendant's illegal actions, Plaintiff has suffered loss of past and future income in the form of salary and benefits, loss of career opportunity, injury to her health, emotional distress, mental anxiety, loss of enjoyment of life, damage to her reputation and humiliation.  Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff demands judgment in her favor on all of the above stated causes of action.

Dated:  April 13, 2021                          */s/Prathima Reddy*
    Buffalo, New York                     Prathima Reddy Esq.
                                       The Reddy Law Firm LLC
                                       455 Linwood Avenue
                                       Buffalo, NY 14209
                                       preddy@thereddylaw.com
                                       646-468-4257 (cell)